FILED

E-filing

1  LAW OFFICES OF ELLYN MOSCOWITZ
   ELLYN MOSCOWITZ, (SBN 129287)
2  SHARON SEIDENSTEIN, (SBN 215588)
3  1629 Telegraph Avenue, 4th Floor
   Oakland, CA 94612
4  Telephone: (510) 899-6240  Facsimile: (510) 899-6245
5
   JIVAKA CANDAPPA, (SBN 225919)
6  46 Shattuck Square, Suite 15
   Berkeley, CA 94704
7  Telephone: (510) 981-1808  Facsimile: (510) 981-1817
8
9  Attorneys for Plaintiffs, UNITED UNION OF ROOFERS, WATERPROOFERS,
   AND ALLIED WORKERS - LOCAL 81 AFL-CIO,
10 LEROY CISNEROS, and FRANCISCO GARCIA
11
12               UNITED STATES DISTRICT COURT
13            FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 UNITED UNION OF ROOFERS,            )  Case No.:
   WATERPROOFERS, AND ALLIED          )        08   2281   BZ
15 WORKERS - LOCAL 81 AFL-CIO, LEROY  )
16 CISNEROS, AND FRANCISCO GARCIA,    )
                                      )
17          Plaintiffs,               )  COMPLAINT FOR DAMAGES AND
                                      )  INJUNCTIVE AND DECLARATORY
18          vs.                       )  RELIEF
                                      )  (42 U.S.C. §§ 1983, 1985, 1986; Cal. Gov.
19 COUNTY OF ALAMEDA; ALAMEDA         )  Code §§ 815.2, 815.6; Cal. Civ. Code §§
   COUNTY SHERIFF'S OFFICE; SHERIFF   )  51.7, 52.1; False Imprisonment, Assault and
20 GREGORY J. AHERN, in his official  )  Battery, Intentional Infliction of Emotional
   capacity; TIMOTHY J. VALES (#104529), ) Distress, Negligence, Invasion of Privacy)
21 DAVID A. DRISCOLL (#108967), ROBERT )
22 LAPOINT (#843), and DAVID MCKAIG   )
   (#364), individually and in their official ) DEMAND FOR JURY TRIAL
23 capacities; CASTRO VALLEY UNIFIED  )
   SCHOOL DISTRICT; JO A. LOSS, KUNIO )
24 OKUI, JOHN BARBIERI, JANICE        )
25 FRIESEN, and GEORGE GRANGER, in their )    BY FAX
   official capacities as members of the Castro )
26 Valley Unified School District Board of )
   Education; SUPERINTENDENT JAMES    )
27 FITZPATRICK, in his official capacity; )
28 _____ )

---

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-1-

1 | SUSAN GOLDMAN, MICHAEL MILLER,  )
2 | and JERRY MACY, individually,  )
  |  )
3 |  )
  | Defendants.
4 |

5 Plaintiffs, UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED

6 WORKERS - LOCAL 81 AFL-CIO ("LOCAL 81"), LEROY CISNEROS and FRANCISCO

7 GARCIA, by and through their counsel, hereby allege as follows:

8 **INTRODUCTION**

9 1. This is an action brought by Plaintiffs UNITED UNION OF ROOFERS,

10 WATERPROOFERS, AND ALLIED WORKERS - LOCAL 81 AFL-CIO, LEROY

11 CISNEROS, and FRANCISCO GARCIA ("Plaintiffs") against Defendants COUNTY OF

12 ALAMEDA; ALAMEDA COUNTY SHERIFF'S OFFICE; SHERIFF GREGORY J. AHERN,

13 in his official capacity; TIMOTHY J. VALES (#104529), DAVID A. DRISCOLL (#108967),

14 ROBERT LAPOINT (#843), and DAVID MCKAIG (#364), individually and in their official

15 capacities; CASTRO VALLEY UNIFIED SCHOOL DISTRICT; JO A. LOSS, KUNIO OKUI,

16 JOHN BARBIERI, JANICE FRIESEN, GEORGE GRANGER, in their official capacities as

17 members of the Castro Valley Unified School District Board of Education;

18 SUPERINTENDENT JAMES FITZPATRICK, in his official capacity; SUSAN GOLDMAN,

19 MICHAEL MILLER, and JERRY MACY, individually, alleging causes of action for violations

20 of 42 U.S.C. sections 1983, 1985(3), and 1986, California Government Code sections 815.2 and

21 815.6, California Civil Code sections 51.7 and 52.1, false imprisonment, assault and battery,

22 intentional infliction of emotional distress, negligence and negligence per se, and invasion of

23 privacy. Plaintiffs bring this action as a collective action. Plaintiffs seek damages, including

24 exemplary, statutory and compensatory damages, declaratory relief, injunctive relief, attorney

25 fees and costs of suit.

26 2. On or about May 15, 2007, Plaintiffs LEROY CISNEROS ("CISNEROS") and

27 FRANCISCO GARCIA ("GARCIA"), employees of UNITED UNION OF ROOFERS,

28

**Complaint for Damages and Injunctive**     *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-2-

1  WATERPROOFERS, AND ALLIED WORKERS - LOCAL 81 AFL-CIO ("LOCAL 81"),
2  were unlawfully arrested by officers of Alameda County Sheriff's Office adjacent to Castro
3  Valley High School, while engaged in a lawful informational picket regarding a roofing
4  subcontractor, Legacy Roofing, that had been hired to do construction work at Castro Valley
5  High School. Despite the fact that Plaintiffs CISNEROS and GARCIA were engaged in a
6  lawful picket protected by Section 7 of the National Labor Relations Act ("NLRA") and the
7  state and federal constitutions, despite the fact that Plaintiffs were on a public sidewalk, despite
8  the fact that Plaintiff GARCIA moved across the street when directed to do so both men were
9  arrested and jailed by the Alameda County Sheriff's deputies without lawful justification.
10 Plaintiff CISNEROS was charged with resisting arrest pursuant to California Penal Code
11 section 148(a)(1), which he clearly did not, and both men were charged with violating Penal
12 Code section 626.8(a)(1). Significantly, Penal Code section 626.8(a)(1) explicitly provides that
13 it "shall not be used to impinge upon the lawful exercise of constitutionally protected rights of
.14 freedom of speech and assembly," which is, of course, how it was used improperly by
15 Defendants.

16    3.    Defendants' misconduct was compounded by Plaintiffs' ridiculously long
17 detention at the Santa Rita Jail, and the Alameda County Sheriff's unwillingness to set bail in an
18 obvious effort to cause Plaintiffs to spend the night in jail. Plaintiffs CISNEROS and GARCIA
19 were arrested at approximately 9:30 a.m., yet the Alameda County Sheriff's Office refused to
20 inform and advise CISNEROS and GARCIA'S attorneys of the charges against them or the
21 amount of bail until after 5:00 p.m. when most banks were closed, despite repeated calls by
22 Plaintiffs' attorneys throughout the day. Certainly, the reason for Plaintiffs' arrest was known
23 to the Alameda County Sheriff's Office at the time of Plaintiffs' arrest, and thus the charges and
24 the amount of bail sought should have been easily determined. Yet it took the Sheriff's Office
25 and the Santa Rita Jail approximately eight hours to advise counsel of the charges and set bail,
26 and almost another three additional hours to release Plaintiffs CISNEROS and GARCIA.

27    4.    The unlawful arrests and detentions were not only intended to chill Unions' and
28 workers' efforts to exercise their NLRA section 7 and federal and state constitutional rights, but

**Complaint for Damages and Injunctive**                    *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1  it deprived CISNEROS and GARCIA of their freedom and their property. Plaintiffs were

2  released approximately eleven hours after their arrest. Their property, including a video camera

3  and two still cameras that they use on a regular basis for their work, were not released until a

4  Superior Court Judge so ordered on September 7, 2007, nearly four months after the incident, in

5  response to counsel's motion. Even then, the Sheriff's Office declined to release Plaintiffs'

6  property pursuant to the court order but required internal authorization in order to release the

7  property.

8      5.    LOCAL 81 lost two days' work and the time of its officer who secured

9  Plaintiffs' release because Plaintiffs, who were employed by LOCAL 81, were incarcerated at

10  Santa Rita jail for the entire day. LOCAL 81 lost additional employee time when CISNEROS

11  and GARCIA filed a motion to have their property returned, appeared for their hearings, and

12  traveled to the Sheriff's Office to get their property back. LOCAL 81 also lost use of the

13  cameras for nearly four months, which it routinely uses for organizing and monitoring activity.

14      6.    Local 81 sends its employees out to picket nearly every week, and approximately

15  twenty five percent (25%) of the time in Alameda County. Local 81 conducts approximately

16  45-50 pickets per year. Local 81 pickets job sites that employ non-signatory roofing

17  contractors. Future pickets in the Alameda Country Sheriff's jurisdiction or within the Castro

18  Valley Unified School District will likely occur anytime when public entities employ non-

19  Union labor that does not meet the conditions established by the Roofers and Waterproofers in

20  that area. For that reason alone, the likelihood of disruption to Local 81's lawful union

21  activities is highly likely in the absence of equitable relief.

22                              **PARTIES**

23      7.    Plaintiff LOCAL 81 was at all times relevant herein, the employer of Plaintiffs

24  CISNEROS and GARCIA, and a Labor organization representing roofers in the geographic

25  jurisdiction where Defendants caused the unlawful arrests of CISNEROS and GARCIA.

26  LOCAL 81 brings this action on behalf of itself, its members and its employees, and other

27  Unions, Union employees and Union members similarly situated.

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-4-

1       8.    Plaintiff, LEROY CISNEROS, a Hispanic male, is and was at all times relevant
2   herein, an employee of LOCAL 81.

3       9.    Plaintiff, FRANCISCO GARCIA, a Hispanic male, is and was at all times
4   relevant herein, an employee of LOCAL 81.

5       10.    On information and belief, Defendant COUNTY OF ALAMEDA is a
6   municipal corporation that owns, operates, and governs the ALAMEDA COUNTY
7   SHERIFF'S OFFICE pursuant to the laws of the State of California.

8       11.    On information and belief, Defendant GREGORY J. AHERN ("AHERN") is
9   the Sheriff for Alameda County.

10       12.    On information and belief, Defendants Deputy TIMOTHY J. VALES
11   (#104529) ("VALES"), Deputy DAVID A. DRISCOLL (#108967) ("DRISCOLL"), Sergeant
12   ROBERT LAPOINT (#843) ("LAPOINT"), and Sergeant DAVID MCKAIG (#364)
13   ("MCKAIG") are and at all times material to this complaint were employees of Defendants
14   COUNTY OF ALAMEDA and the ALAMEDA COUNTY SHERIFF'S OFFICE.

15       13.    On information and belief, Defendants COUNTY OF ALAMEDA and the
16   ALAMEDA COUNTY SHERIFF'S OFFICE are and at all times material to this complaint
17   were responsible for the employment, training, supervision, and discipline of Defendants
18   VALES, DRISCOLL, LAPOINT and MCKAIG.

19       14.    On information and belief, Defendant VALES, sued here in his individual and
20   official capacities, is a resident of the State of California, and is and at all times material to
21   this complaint was duly employed, appointed and acting as a sworn peace officer of the
22   Alameda County Sheriff's Office, acting under color of law to wit, under color of the statutes,
23   ordinances, regulations, policies, customs, and usages of the State of California and/or the
24   County of Alameda. At all times material to this complaint, Defendant VALES acted within
25   the scope of his employment with the Alameda County Sheriff's Office and the County of
26   Alameda. At all times material to this complaint, Defendant VALES was assigned to Castro
27   Valley High School as a school resource officer.

28

**Complaint for Damages and Injunctive**      *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1      15.    On information and belief, Defendant DRISCOLL, sued here in his individual

2 and official capacities, is a resident of the State of California, and is and at all times material

3 to this complaint was duly employed, appointed and acting as a sworn peace officer of the

4 Alameda County Sheriff's Office, acting under color of law to wit, under color of the statutes,

5 ordinances, regulations, policies, customs, and usages of the State of California and/or the

6 County of Alameda. At all times material to this complaint, Defendant DRISCOLL acted

7 within the scope of his employment with the Alameda County Sheriff's Office and the County

8 of Alameda.

9      16.    On information and belief, Defendant LAPOINT, sued here in his individual

10 and official capacities, is a resident of the State of California, and is and at all times material

11 to this complaint was duly employed, appointed and acting as a sworn peace officer of the

12 Alameda County Sheriff's Office, acting under color of law to wit, under color of the statutes,

13 ordinances, regulations, policies, customs, and usages of the State of California and/or the

14 County of Alameda. At all times material to this complaint, Defendant LAPOINT acted

15 within the scope of his employment with the Alameda County Sheriff's Office and the County

16 of Alameda.

17      17.    On information and belief, Defendant MCKAIG, sued here in his individual

18 and official capacities, is a resident of the State of California, and is and at all times material

19 to this complaint was duly employed, appointed and acting as a sworn peace officer of the

20 Alameda County Sheriff's Office, acting under color of law to wit, under color of the statutes,

21 ordinances, regulations, policies, customs, and usages of the State of California and/or the

22 County of Alameda. At all times material to this complaint, Defendant MCKAIG acted

23 within the scope of his employment with the Alameda County Sheriff's Office and the County

24 of Alameda.

25      18.    On information and belief, Defendant CASTRO VALLEY UNIFIED

26 SCHOOL DISTRICT is a properly incorporated school district that owns, operates, and

27 governs Castro Valley High School pursuant to the laws of the State of California. On

28

**Complaint for Damages and Injunctive**         *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-6-

1  information and belief, the Castro Valley Unified School District is governed by the Board of
2  Education ("School Board") of the Castro Valley Unified School District, which has
3  responsibility for setting policy for the district, and for establishing general policies governing
4  the operation of schools in the district.

5      19.    On information and belief, Defendant JO A. LOSS ("LOSS"), sued here in her
6  official capacity, is and at all times material to this complaint was a member of the Castro
7  Valley Unified School District School Board.

8      20.    On information and belief, Defendant KUNIO OKUI ("OKUI"), sued here in
9  his official capacity, is and at all times material to this complaint was a member of the Castro
10  Valley Unified School District School Board.

11      21.    On information and belief, Defendant JOHN BARBIERI ("BARBIERI"), sued
12  here in his official capacity, is and at all times material to this complaint was a member of the
13  Castro Valley Unified School District School Board.

14      22.    On information and belief, Defendant JANICE FRIESEN ("FRIESEN"), sued
15  here in her official capacity, is and at all times material to this complaint was a member of the
16  Castro Valley Unified School District School Board.

17      23.    On information and belief, Defendant GEORGE GRANGER ("GRANGER"),
18  sued here in his official capacity, is and at all times material to this complaint was a member
19  of the Castro Valley Unified School District School Board.

20      24.    On information and belief, Defendant JAMES L. FITZPATRICK
21  ("FITZPATRICK"), sued here in his official capacity, is and at all times material to this
22  complaint was the Superintendent of Castro Valley Unified School District.  As
23  Superintendent, he has overall responsibility for the administration of Castro Valley Unified
24  School District.  On information and belief, Defendant CASTRO VALLEY UNIFIED
25  SCHOOL DISTRICT is the public employer of Defendant FITZPATRICK.

26      25.    On information and belief, Defendant CASTRO VALLEY UNIFIED
27  SCHOOL DISTRICT is and at all time material to this complaint was the public employer of

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-7-

1  Defendants SUSAN GOLDMAN, MICHAEL MILLER, and JERRY MACY.  On

2  information and belief, Defendant CASTRO VALLEY UNIFIED SCHOOL DISTRICT is

3  and at all times material to this complaint was responsible for the employment, training,

4  supervision, and discipline of Defendants GOLDMAN, MILLER and MACY.

5      26.    On information and belief, Defendant SUSAN GOLDMAN ("GOLDMAN"),

6  sued here in her individual capacity, is a resident of the State of California and is employed by

7  the Castro Valley Unified School District as an Associate Principal at Castro Valley High

8  School.  At all times material to this complaint, Defendant GOLDMAN was acting under color

9  of law and as an employee of the Castro Valley Unified School District.

10     27.    On information and belief, Defendant MICHAEL MILLER ("MILLER"), sued

11 here in his individual capacity, is a resident of the State of California and is employed by the

12 Castro Valley Unified School District as its Director of Maintenance.  At all times material to

13 this complaint, Defendant MILLER was acting under color of law and as an employee of the

14 Castro Valley Unified School District.

15     28.    On information and belief, Defendant JERRY MACY ("MACY"), sued here in

16 his individual capacity, is a resident of the State of California and is employed by the Castro

17 Valley Unified School District as an Assistant Superintendent.  At all times material to this

18 complaint, Defendant MACY was acting under color of law and as an employee of the Castro

19 Valley Unified School District.

20     29.    Plaintiffs are informed and believe that each Defendant was the agent or

21 employee of each of the other Defendants, and in perpetrating the wrongful conduct detailed

22 in this complaint, acted within the scope of such agency or employment, or ratified the acts of

23 the other.

24     30.    Plaintiffs are informed and believe that each of the Defendants caused, and is

25 responsible for the below-described unlawful conduct and resulting injuries in that each of the

26 Defendants participated in the unlawful conduct or acted jointly with others who did so;

27 authorized, acquiesced in or set in motion actions that led to the unlawful conduct; failed to take

28

**Complaint for Damages and Injunctive**     *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1  action to prevent the unlawful conduct; failed and refused with deliberate indifference to

2  Plaintiffs' rights to initiate and maintain adequate training and supervision; failed to prevent

3  further harm to Plaintiffs; and/or ratified the unlawful conduct and actions by employees and

4  agents under Defendants' direction and control, including failure to take remedial action.

5  ## JURISDICTION AND VENUE

6      31.  This Court has subject matter jurisdiction over the parties and this action

7  pursuant to 28 U.S.C. §§ 1331 and 1343. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court

8  has jurisdiction to declare the rights of the parties and to grant all further relief deemed

9  necessary and proper.

10      32.  Pursuant to 42 U.S.C. § 1367(a), this Court has supplemental jurisdiction over

11  the state claims brought in this action, which arise from a common nucleus of operative facts

12  and from the same transactions and occurrences raised in Plaintiffs' federal causes of action.

13      33.  Venue lies in United States District Court for the Northern District of

14  California pursuant to 28 U.S.C. §§ 84 and 1391 because a substantial part of the events that

15  gave rise to the claims alleged in this complaint arose in the County of Alameda and one or

16  more defendants reside in the County of Alameda or conduct business in the County of

17  Alameda.

18  ## INTRADISTRICT ASSIGNMENT

19      34.  The claims alleged herein arose in the County of Alameda. This action is

20  properly assigned to the Oakland or San Francisco Division of the United States District Court

21  for the Northern District of California pursuant to Civil Local Rule, 3-2(d).

22  ## STATEMENT OF FACTS

23      35.  On May 15, 2007, Plaintiffs LEROY CISNEROS and FRANCISCO GARCIA,

24  employees of LOCAL 81, were arrested by officers of Alameda County Sheriff's Office while

25  engaging in lawful union activity.

26      36.  LOCAL 81 was picketing the hiring of Legacy Roofing, a non-unionized

27  business, which had been hired to do roofing work at the Castro Valley High School outdoor

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1   athletic complex. LOCAL 81 was engaging in lawful informational picketing activity that
2   informs the public that the contractor did not meet the conditions established by Roofers and
3   Waterproofers in the area. The picketing was peaceful, and protected under the First
4   Amendment to the United States Constitution and the National Labor Relations Act.

5       37.     On May 15, 2007, at approximately 6:30 a.m., Plaintiffs LEROY CISNEROS
6   and FRANCISCO GARCIA, arrived at their designated picket site at the corner of Redwood
7   Road and Mabel Avenue near Castro Valley High School in Castro Valley, California, to
8   conduct a lawful labor picket on a public sidewalk. As part of the picket, Plaintiffs CISNEROS
9   and GARCIA placed an inflatable rat on the public sidewalk. Plaintiff GARCIA remained on
10  the public sidewalk while Plaintiff CISNEROS went towards the worksite to inform the roofers
11  about pay scales, wage ordinances and worker safety. Plaintiffs CISNEROS and GARCIA
12  were the only participants in the picket.

13      38.     A couple of hours into the picket, the security guard assigned to Castro Valley
14  High School came out to the picket site and took a photograph of the inflatable rat and called an
15  unidentified person on his cell phone. The security guard then left the picket site and returned a
16  short while later and took additional photographs of the inflatable rat. The security guard stated
17  that school administrators had directed him to take additional photographs of the inflatable rat.

18      39.     Shortly thereafter, Defendant GOLDMAN, Associate Principal at Castro Valley
19  High School, contacted the school resource officer, Defendant Deputy VALES of the Alameda
20  County Sheriff's Office, and complained about Plaintiffs who were picketing peacefully on the
21  public sidewalk near the high school. Defendant GOLDMAN reported that several subjects
22  were picketing the school and blocking the sidewalk. Defendant GOLDMAN informed the
23  Sheriff's Office that she was advised by Defendant MICHAEL MILLER, Director of
24  Maintenance for Castro Valley Unified School District, and Defendant JERRY MACY,
25  Assistant Superintendent for Castro Valley Unified School District, to contact the Alameda
26  County Sheriff's Office and have the Sheriff's Office remove the picketers and the inflatable

27

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-10-

1  rat, which was placed on the public sidewalk. Defendant GOLDMAN insisted that Plaintiffs be
2  removed from the location in question.

3      40.    At approximately 9:30 a.m., officers from the Alameda County Sheriff's Office
4  arrived on the scene and ordered Plaintiff GARCIA to move the picket, including the inflatable
5  rat, to a location across the street because the sidewalk in question was on school property. The
6  Sheriff's officers threatened to arrest Plaintiff GARCIA if he did not move the picket and the
7  inflatable rat to a location across the street. The Sheriff's officers assured Plaintiff GARCIA
8  that he would not be arrested if he picketed from a location across the street. And, the officers
9  told Plaintiff GARCIA that he had no right to videotape the picket or their encounter with him.

10      41.    The Sheriff's officers issued an ultimatum to Plaintiff GARCIA and threatened
11  him with arrest if he did not abandon the picket by leaving the picket site within 15 minutes.
12  Even though Plaintiff GARCIA had a lawful right to remain on the public sidewalk nearest to
13  the school, Plaintiff GARCIA moved to a location across the street as directed by the Sheriff's
14  officers.

15      42.    When the Sheriff's officers returned, Plaintiff GARCIA was across the street and
16  Plaintiff CISNEROS was on the public sidewalk nearest to the school. The Sheriff's officers
17  first approached Plaintiff CISNEROS and ordered him to deflate the rat and remove it from its
18  existing location. Plaintiff CISNEROS was also ordered to cross the street and to picket from a
19  location that was farther away than the site initially selected by LOCAL 81 for the picket.

20      43.    Plaintiff CISNEROS informed the officers that Plaintiffs had a right to picket at
21  the location in question, to have equal access to the public sidewalk, and to picket as close as
22  possible to the work site in issue. Plaintiff CISNEROS produced a letter from LOCAL 81
23  attorneys regarding their right to engage in lawful union activity. The letter, in pertinent part,
24  stated that California law exempts persons who are engaged in lawful union activities from
25  general trespass prohibitions, and that the California Supreme Court in *In re. Catalano*, 29
26  Cal.3d 1, (1981) recognized the right of a union representative to enter private property free
27  from arrest to conduct lawful union activity. The letter also explained, citing *Radcliff v.*

28

**Complaint for Damages and Injunctive**       *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1   *Rainbow Construction Company*, 254 F.3d 772 (9th Cir. 2002), that federal appellate courts
2   have upheld the right of a union representative to engage in lawful union activity on a school
3   district site, and that it would be a violation of section 7 of the National Labor Relations Act to
4   prevent a union representative from engaging in lawful union activity on a construction site.

5         44.    The Sheriff's officers were dismissive of the letter from LOCAL 81 attorneys
6   contending that it did not apply to a union picket on school grounds. The Sheriff's officers
7   suggested that LOCAL 81 obtain competent legal advice.

8         45.    One of the officers stated that Castro Valley Unified School District personnel
9   had insisted that the officers evict the picketers from the sidewalk, which the Castro Valley
10  Unified School District personnel claimed was school property. Fearing imminent arrest in any
11  event Plaintiff CISNEROS deflated the rat and put it in the trunk of his vehicle. Plaintiff
12  GARCIA meanwhile video-taped the officers' encounter with Plaintiff CISNEROS using the
13  video camera that was provided to him by LOCAL 81 to document that Plaintiff CISNEROS
14  was engaged in peaceful, informational picketing.

15        46.    One of the Sheriff's officers saw Plaintiff GARCIA video taping the officers'
16  encounter with Plaintiff CISNEROS and alerted his colleagues. The officers crossed the street
17  and confronted Plaintiff GARCIA. One of the officers told Plaintiff GARCIA that he would be
18  placed under arrest for not complying with the officers' directives. Plaintiff GARCIA replied
19  that he had complied with their directives by crossing the street. Plaintiff GARCIA also
20  explained that he was videotaping the incident to protect himself, his colleague, and LOCAL
21  81.

22        47.    The officers told Plaintiff GARCIA that he was being arrested because he failed
23  to leave the area when they first ordered him to do so. Thereafter, one of the officers grabbed
24  Plaintiff GARCIA and handcuffed him. The Sheriff's officers searched Plaintiff GARCIA'S
25  person and seized the LOCAL 81 video camera in his possession on the pretext that it
26  constituted evidence of criminal activity. The officers elected to arrest Plaintiff GARCIA

27
28

**Complaint for Damages and Injunctive**     *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1  before arresting Plaintiff CISNEROS so as to ensure that there would be no visual evidence of

2  Plaintiff CISNEROS' unlawful arrest.  The officers also seized Plaintiff GARCIA'S picket sign.

3        48.      Plaintiff CISNEROS was arrested moments later while he was engaged in a

4  phone conversation with a LOCAL 81 officer.  The officers grabbed Plaintiff CISNEROS'

5  phone from him without allowing Plaintiff CISNEROS to complete his call.  One of the officers

6  falsely and maliciously accused Plaintiff CISNEROS of resisting arrest.  One of the officers

7  applied excessive force on Plaintiff CISNEROS' wrists while arresting him causing Plaintiff

8  CISNEROS to experience excruciating pain.  Plaintiff CISNEROS pleaded with the officers to

9  ease up.  After handcuffing Plaintiff CISNEROS, the officers searched his person.  Plaintiff

10  CISNEROS' picket signs, the camera in his possession, and the letter from LOCAL 81

11  attorneys were all seized.

12        49.      Plaintiffs CISNEROS and GARCIA were transported to the Santa Rita jail,

13  booked, and released almost 11 hours after their unlawful arrests.  The Sheriff's officers had no

14  warrant for the arrests of Plaintiffs, no probable cause to arrest Plaintiffs, and no legal excuse or

15  justification to seize Plaintiffs or their property.  Further, Plaintiffs' detention and incarceration

16  were unduly prolonged.

17        50.      Plaintiffs CISNEROS and GARCIA are informed and believe that as a result of

18  being arrested and booked, their personal information, including their fingerprints, and the

19  criminal charges alleged against them were entered into and disseminated via County, State and

20  National law enforcement information systems under unique identification keys assigned to

21  Plaintiffs.

22        51.      Defendants' misconduct was compounded by Plaintiffs' ridiculously long

23  detention at the Santa Rita Jail, and the Alameda County Sheriff's unwillingness to set bail in an

24  obvious effort to cause Plaintiffs to spend the night in jail.  Plaintiffs CISNEROS and GARCIA

25  were arrested at approximately 9:30 a.m., yet the Alameda County Sheriff's Office refused to

26  inform and advise CISNEROS and GARCIA'S attorneys of the charges against Plaintiffs or the

27  amount of bail until after 5:00 p.m. when most banks were closed, despite repeated calls by

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-13-

1   Plaintiffs' attorneys throughout the day. It took the Sheriff's Office and the Santa Rita Jail

2   approximately eight hours to advise counsel of the charges and set bail, and almost another

3   three additional hours to release Plaintiffs CISNEROS and GARCIA.

4        52.    According to the relevant incident reports, Plaintiff CISNEROS was charged

5   with violating California Penal Code sections 626.8(a)(1) - "SEX OFFENDER/ETC REMAIN

6   TO DISRUPT SCHOOL" and 148(a)(1) - "OBSTRUCT/RESIST/ETC PUBLIC/PEACE."

7   Plaintiff CISNEROS was released on bail in the sum of $2,500.

8        53.    According to the relevant incident reports, Plaintiff GARCIA was charged with

9   violating California Penal Code section 626.8(a)(1) - "SEX OFFENDER/ETC REMAIN TO

10  DISRUPT SCHOOL." Plaintiff GARCIA was released on his own recognizance.

11       54.    The seized property, which Plaintiffs had used in connection with their lawful

12  union activity, was not returned on the pretext that it constituted evidence of criminal conduct.

13  Finally, on September 7, 2007, Plaintiffs' counsel obtained an order for the release of the seized

14  property from the Alameda County Superior Court. Even so, the Sheriff's Office declined to

15  release Plaintiffs' property pursuant to the court order but required additional internal

16  authorization in order to release the property.

17       55.    Plaintiffs are informed and believe that Defendant ALAMEDA COUNTY

18  SHERIFF'S OFFICE referred the matter to the Alameda County District Attorney's Office for

19  prosecution. The Alameda County District Attorney's Office, however, declined to file

20  criminal charges against Plaintiffs CISNEROS and GARCIA.

21       56.    Plaintiffs are informed and believe that Defendant CASTRO VALLEY

22  UNIFIED SCHOOL DISTRICT has, subsequent to the incident that resulted in Plaintiffs'

23  arrests and imprisonment, summoned law enforcement personnel to disrupt, disband and

24  suppress other lawful union-related activity that occurred on or near Castro Valley Unified

25  School District property.

26       57.    Plaintiffs timely filed their notices of claim under the Government Claims Act

27  with the COUNTY OF ALAMEDA and CASTRO VALLEY UNIFIED SCHOOL DISTRICT.

28  Plaintiffs' claims were rejected by Defendant COUNTY OF ALAMEDA on November 14,

**Complaint for Damages and Injunctive**     *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-14-

1  2007.

2  **STATEMENT OF DAMAGES**

3  58.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs
4  CISNEROS and GARCIA were unlawfully detained, searched, battered, arrested, and
5  imprisoned. As a result of Defendants' acts and omissions, Plaintiffs sustained pain and
6  suffering, emotional distress, fear, humiliation, loss of security, anxiety, loss of physical liberty,
7  loss of wages, deprivation of property, interference with employment, business and other
8  property interests, and attorney fees and costs. Defendants further chilled, disrupted, and
9  suppressed Plaintiffs' speech, assembly, and lawful union-related activity.

10  59.    LOCAL 81 lost two days' work and the time of its officer who secured
11  Plaintiffs' release because Plaintiffs, who were employed by LOCAL 81, were incarcerated at
12  Santa Rita jail for the entire day. LOCAL 81 lost additional employee time when CISNEROS
13  and GARCIA filed a motion to have their property returned, appeared for their hearings, and
14  traveled to the Sheriff's Office to get their property back. LOCAL 81 also lost use of the
15  cameras for nearly four months, which it routinely uses for organizing and monitoring activity.

16  60.    Defendants and each of them is liable for Plaintiffs' injuries and damages
17  pursuant to 42 U.S.C. sections 1983, 1985 and 1986; California Government Code sections
18  815.2, 815.6, 820 and 820.8; and California Civil Code sections 51.7 and 52.1 as set forth
19  below.

20  61.    Defendants' acts and omissions were intentional, willful, malicious, reckless, and
21  in conscious disregard of Plaintiffs' protected rights. As such and to deter future similar
22  conduct by Defendants, Plaintiffs are entitled to an award of punitive damages against
23  Defendants.

24  62.    Plaintiffs are further entitled to statutory damages and penalties pursuant to
25  California Civil Code sections 52(b) and 52.1(b); and attorney fees and costs pursuant to 42
26  U.S.C. section 1988, and California Civil Code sections 52(b) and 52.1(h), and other applicable
27  statutes.

28

**Complaint for Damages and Injunctive**               *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-15-

1

2

3

4

### FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983
**(Against Defendants VALES, DRISCOLL, LAPOINT, MCKAIG
in their official and individual capacities, and
GOLDMAN, MILLER, and MACY in their individual capacity only)**

5     63.     Plaintiffs incorporate by reference the allegations set forth above and below.

6     64.     Defendants VALES, DRISCOLL, LAPOINT, MCKAIG, GOLDMAN,

7  MILLER, and MACY acted under color of law, and conspired to deprive, and acting jointly and

8  in concert with one another did deprive Plaintiffs of their constitutional rights, which include,

9  but are not limited to, the following:

10     (a)     the right to freedom of expression, assembly and association;

11     (b)     the right to be free from unreasonable detentions, searches, and seizures;

12     (c)     the right to be free from unlawful arrests, imprisonment, and malicious

13  prosecution;

14     (d)     the right to equal protection of the laws;

15     (e)     the right not to be deprived of liberty without due process of law;

16     (f)     the right not to be subject to unreasonable and unjustified force against one's

17  person.

18     65.     The rights set forth above are embodied in clearly established constitutional law

19  pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

20     66.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

21  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

22  including attorney fees and costs, to remedy the unlawful conduct.

23     WHEREFORE, Plaintiffs pray for relief as set forth herein.

24

25

26

### SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983
**(Against Defendants COUNTY OF ALAMEDA and
ALAMEDA COUNTY SHERIFF'S OFFICE)**

27     67.     Plaintiffs incorporate by reference the allegations set forth above and below.

28

**Complaint for Damages and Injunctive
and Declaratory Relief**

*Local 81 AFL-CIO vs. County of Alameda et al.*

68.    On information and belief, the unlawful conduct of Defendants VALES, DRISCOLL, LAPOINT, and MCKAIG was pursuant to and made possible by the customs, policies, practices, and/or procedures of the COUNTY OF ALAMEDA and the ALAMEDA COUNTY SHERIFF'S OFFICE, which include, but are not limited to, the following:

(a)    engaging in, condoning, and/or failing to properly investigate or discipline racial discrimination and other equal protection violations;

(b)    engaging in, condoning, and/or failing to properly investigate or discipline unreasonable detentions, searches and seizures, use of excessive, unreasonable and unjustified force, false arrests, malicious prosecutions, and due process violations;

(c)    inadequately training and supervising officers, and failing to adopt and/or enforce policies and procedures for the proper training, and supervision of officers;

(d)    inadequately investigating and failing to adopt and/or enforce rules, regulations, policies, and procedures for the proper investigation of and response to citizen complaints about officer misconduct;

(e)    exhibiting deliberate indifference to the legal rights of unions and union representatives, including, but not limited to, the right to freedom of speech, assembly and association, right to conduct lawful union activity and perform union-related work.

69.    The rights set forth above are embodied in clearly established constitutional law pursuant to the First, Fourth and Fourteenth Amendments to the United States Constitution.

70.    As a result of the customs, policies, practices, and/or procedures listed above, Defendants VALES, DRISCOLL, LAPOINT, and MCKAIG believed that their actions would not be monitored, investigated, or result in disciplinary action by their supervisors and would instead be tolerated and/or condoned.

71.    The foregoing customs, policies, practices, and/or procedures constitute deliberate indifference on the part of Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY SHERIFF'S OFFICE to Plaintiffs' constitutional rights.

**Complaint for Damages and Injunctive
and Declaratory Relief**    *Local 81 AFL-CIO vs. County of Alameda et al.*

-17-

1    72.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

2  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

3  including attorney fees and costs, to remedy the unlawful conduct.

4        WHEREFORE, Plaintiffs pray for relief as set forth herein.

5                              **THIRD CAUSE OF ACTION**
                                    **42 U.S.C. § 1985(3)**
6       **(Against Defendants VALES, DRISCOLL, LAPOINT, and MCKAIG**
7                     **in their official and individual capacities)**

8    73.    Plaintiffs incorporate by reference the allegations set forth above and below.

9    74.    On information and belief, Defendants VALES, DRISCOLL, LAPOINT, and

10  MCKAIG acted under color of law and conspired with one another and deprived Plaintiffs of

11  their constitutional right to equal protection of the laws.

12    75.    Defendants' conduct was motivated by racial animus.

13    76.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

14  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

15  including attorney fees and costs, to remedy the unlawful conduct.

16        WHEREFORE, Plaintiffs pray for relief as set forth herein.

17                              **FOURTH CAUSE OF ACTION**
                                    **42 U.S.C. § 1986**
18          **(Against Defendants DRISCOLL and MCKAIG**
                **in their official and individual capacities, and**
19      **GOLDMAN, MILLER, and MACY in their individual capacity only)**
20

21    77.    Plaintiffs incorporate by reference the allegations set forth above and below.

22    78.    On information and belief, Defendants DRISCOLL, MCKAIG, GOLDMAN,

23  MILLER, and MACY knew of the wrongs conspired to be done in violation of 42. U.S.C.

24  section 1985 and further knew that such wrongs were about to be committed against Plaintiffs,

25  but nonetheless failed, neglected, refused to prevent or aid in preventing the commission of such

26  wrongs against Plaintiffs despite having the power to do so.

27

28

---

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-18-

1    79.    As a result of Defendants' negligent conduct as alleged herein, Plaintiffs have

2    suffered, and will continue to suffer, the above stated damages in an amount according to proof,

3    including attorney fees and costs, to remedy the unlawful conduct.

4        WHEREFORE, Plaintiffs pray for relief as set forth herein.

5                            **FIFTH CAUSE OF ACTION**
          **California Government Code § 815.6 - Breach of Mandatory Duty**
6    **(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S**
       **OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG in their**
7         **official and individual capacities; and GOLDMAN, MILLER, and**
8                  **MACY in their individual capacity only)**

9    80.    Plaintiffs incorporate by reference the allegations set forth above and below.

10   81.    Defendants violated Plaintiffs' clearly established rights enacted pursuant to

11   United States and California law, which include, but are not limited to, the following:

12   (a)    First Amendment to the United States Constitution and Article I, Section 2 of the

13   California Constitution - right to freedom of expression, assembly and association;

14   (b)    Fourth Amendment to the United States Constitution and Article I, Section 13 of

15   the California Constitution - right to be free from unreasonable detentions, searches, and

16   seizures;

17   (c)    Fourteenth Amendment to the United States Constitution and Article I, Section

18   7 of the California Constitution - right to due process and equal protection of the laws;

19   (d)    Article I, Section 1 of the California Constitution - fundamental right to

20   privacy;

21   (e)    Civil Code Section 43 - right of protection from bodily restraint or harm, from

22   personal insult, and from defamation;

23   (f)    Civil Code Section 51.7 - right to freedom from violence;

24   (g)    California Civil Code Section 52.1 - right to exercise civil rights.

25   82.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

26   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

27   including attorney fees and costs, to remedy the unlawful conduct.

28

---

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1      WHEREFORE, Plaintiffs pray for relief as set forth herein.

2                              **SIXTH CAUSE OF ACTION**
       **California Government Code § 815.2 - *Respondeat Superior* Liability**
3      **(Against Defendants COUNTY OF ALAMEDA and ALAMEDA**
4                      **COUNTY SHERIFF'S OFFICE)**

5      83.    Plaintiffs incorporate by reference the allegations set forth above and below.

6      84.    Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY SHERIFF'S

7      OFFICE are liable for injuries to Plaintiffs proximately caused by the acts and omission of their

8      employees within the scope of their employment.

9      85.    On information and belief, Defendants VALES, DRISCOLL, LAPOINT, and

10     MCKAIG are and at all times material to this complaint were employed by the COUNTY OF

11     ALAMEDA and the ALAMEDA COUNTY SHERIFF'S OFFICE, and the wrongful conduct

12     attributed to said Defendants were caused by their acts or omissions in the scope of their

13     employment with the COUNTY OF ALAMEDA and the ALAMEDA COUNTY SHERIFF'S

14     OFFICE.

15     86.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

16     suffered, and will continue to suffer, the above stated damages in an amount according to

17     proof, including attorney fees and costs, to remedy the unlawful conduct.

18     WHEREFORE, Plaintiffs pray for relief as set forth herein.

19                          **SEVENTH CAUSE OF ACTION**
                                **False Imprisonment**
20     **(Against Defendants VALES, DRISCOLL, LAPOINT, MCKAIG, AHERN,**
21     **COUNTY OF ALAMEDA, and ALAMEDA COUNTY SHERIFF'S OFFICE)**

22     87.    Plaintiffs incorporate by reference the allegations set forth above and below.

23     88.    Acting within the scope of their employment with the COUNTY OF

24     ALAMEDA and ALAMEDA COUNTY SHERIFF'S OFFICE, Defendants VALES,

25     DRISCOLL, LAPOINT and MCKAIG unlawfully detained, arrested and imprisoned Plaintiffs

26     CISNEROS and GARCIA.

27

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-20-

1    89.    Defendants' warrantless detentions and arrests of Plaintiffs was non-consensual,

2  intentional and without lawful privilege.

3    90.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

4  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

5  including attorney fees and costs, to remedy the unlawful conduct.

6    WHEREFORE, Plaintiffs pray for relief as set forth herein.

7                    **EIGHTH CAUSE OF ACTION**
                          **Assault and Battery**
8  **(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S**
   **OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG in their**
9  **official and individual capacities; and GOLDMAN, MILLER, and**
10                **MACY in their individual capacity only)**

11    91.    Plaintiffs incorporate by reference the allegations set forth above and below.

12    92.    Defendants assaulted and battered Plaintiffs CISNEROS and GARCIA.

13  Defendants' conduct was intentional, nonconsensual, harmful, offensive and without lawful

14  justification. Further, Defendants' conduct caused Plaintiffs to be placed in fear of personal

15  harm.

16    93.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

17  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

18  including attorney fees and costs, to remedy the unlawful conduct.

19    WHEREFORE, Plaintiffs pray for relief as set forth herein.

20                    **NINTH CAUSE OF ACTION**
                  **Intentional Infliction of Emotional Distress**
21  **(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S**
22  **OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG in their**
   **official and individual capacities; and GOLDMAN, MILLER, and**
23                **MACY in their individual capacity only)**

24    94.    Plaintiffs incorporate by reference the allegations set forth above and below.

25    95.    The conduct of Defendants was outrageous and directed at Plaintiffs.

26  Defendants' conduct was intended to cause injury or was in reckless disregard of the probability

27  of causing injury to Plaintiffs and did in fact cause Plaintiffs serious emotional distress.

28

**Complaint for Damages and Injunctive**            *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1      96.     As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

2  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

3  including attorney fees and costs, to remedy the unlawful conduct.

4      WHEREFORE, Plaintiffs pray for relief as set forth below.

5                      **TENTH CAUSE OF ACTION**
                        **Violation of Civil Code Section 52.1**

6  **(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S**
7          **OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG**
             **in their official and individual capacities; and**

8     **GOLDMAN, MILLER, and MACY in their individual capacity only)**

9      97.     Plaintiffs incorporate by reference the allegations set forth above and below.

10     98.     Defendants interfered with the exercise and enjoyment of Plaintiffs' clearly

11  established rights under United States and California law, which include, but are not limited to,

12  the following:

13     (a)     First Amendment to the United States Constitution and Article I, Section 2 of the

14  California Constitution - right to freedom of expression, assembly and association;

15     (b)     Fourth Amendment to the United States Constitution and Article I, Section 13 of

16  the California Constitution - right to be free from unreasonable detentions, searches, and

17  seizures;

18     (c)     Fourteenth Amendment to the United States Constitution and Article I, Section

19  7 of the California Constitution - right to due process and equal protection of the laws;

20     (d)     Article I, Section 1 of the California Constitution - fundamental right to

21  privacy;

22     (e)     Civil Code Section 43 - right of protection from bodily restraint or harm, from

23  personal insult, and from defamation;

24     (f)     Civil Code Section 51.7 - right to freedom from violence.

25     99.     Defendants violated Plaintiffs' clearly established rights under United States and

26  California law by threats, intimidation and coercion.

27     100.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

28

**Complaint for Damages and Injunctive**      *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

-22-

1   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

2   including attorney fees and costs, to remedy the unlawful conduct.

3       WHEREFORE, Plaintiffs pray for relief as set forth herein.

4
### ELEVENTH CAUSE OF ACTION
**Violation of Civil Code Section 51.7**
5
6
**(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG in their official and individual capacities; and GOLDMAN, MILLER, and MACY in their individual capacity only)**
7

8      101.   Plaintiffs incorporate by reference the allegations set forth above and below.

9      102.   Defendants violated Plaintiffs' right to be free from violence, threat of violence

10   or intimidation by threat of violence on the basis of Plaintiffs' position in a labor dispute, and on

11   the basis of Plaintiffs' race or color.

12      103.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

13   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

14   including attorney fees and costs, to remedy the unlawful conduct.

15       WHEREFORE, Plaintiffs pray for relief as set forth herein.

16
### TWELFTH CAUSE OF ACTION
**Negligence and Negligence Per Se**
17
**(Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, MCKAIG in their official and individual capacities; and GOLDMAN, MILLER, and MACY in their individual capacity only)**
18
19

20      104.   Plaintiffs incorporate by reference the allegations set forth above and below.

21      105.   At all relevant times, Defendants owed Plaintiffs the legal duty to act with

22   reasonable care and not cause injury or harm to Plaintiffs, and loss of or damage to Plaintiffs'

23   property or interest in property. Defendants owed Plaintiffs the legal duty not to discriminate

24   against them on the basis of their actual or perceived race, on the basis of their employment or

25   membership in a union, or position in a labor dispute. Defendants owed Plaintiffs the legal duty

26   not to violate their rights to freedom of expression, assembly and association, due process and

27   equal protection of the laws. Defendants owed Plaintiffs the legal duty to act with reasonable

28   care and not portray Plaintiffs in a false light, and not unlawfully arrest and maliciously

**Complaint for Damages and Injunctive and Declaratory Relief**      *Local 81 AFL-CIO vs. County of Alameda et al.*

-23-

1   prosecute Plaintiffs. Defendants owed Plaintiff the legal duty to comply with section 43 of the

2   California Civil Code, which provides that every person has the right of protection from bodily

3   restraint or harm, from personal insult, and from defamation.

4         106.   Further, Defendants COUNTY OF ALAMEDA and ALAMEDA COUNTY

5   SHERIFF'S OFFICE also owed Plaintiffs the duty to properly hire and adequately train and

6   supervise Defendants' employees, and to adopt and/or enforce policies and procedures for the

7   proper hiring, training, and supervision of Defendants' employees.

8         107.   By their acts and omissions, Defendants breached each of the foregoing duties

9   owed to Plaintiffs. Further, it was reasonably foreseeable that such breaches of duty would

10   cause Plaintiffs physical and/or emotional harm.

11       108.   As a direct and proximate cause of Defendants' negligence, Plaintiffs have

12   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

13   including attorney fees and costs, to remedy the unlawful conduct.

14       WHEREFORE, Plaintiffs pray for relief as set forth below.

15

### THIRTEENTH CAUSE OF ACTION
#### Invasion of Privacy
16

### (Against Defendants COUNTY OF ALAMEDA; ALAMEDA COUNTY SHERIFF'S OFFICE; AHERN; VALES, DRISCOLL, LAPOINT, and MCKAIG in their official and individual capacities)
17

18

19       109.   Plaintiffs incorporate by reference the allegations set forth above and below.

20       110.   Article I, Section 1 of the California Constitution recognizes privacy as an

21   inalienable right. Defendants intentionally portrayed Plaintiffs in a false light by accusing

22   Plaintiffs of engaging in criminal conduct. Defendants' characterization of Plaintiffs' conduct,

23   which was publicized in a local newspaper, was unfair and inaccurate.

24       111.   Further, Defendants intentionally intruded on Plaintiffs' zones of physical and

25   sensory privacy and obtained unwarranted access to Plaintiffs' personal and private information

26   and disseminated such information nationwide via law enforcement information systems.

27

28

**Complaint for Damages and Injunctive**      *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1    112.   As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

2  suffered, and will continue to suffer, the above stated damages in an amount according to proof,

3  including attorney fees and costs, to remedy the unlawful conduct.

4      WHEREFORE, Plaintiffs pray for relief as set forth below.

5

## FOURTEENTH CAUSE OF ACTION
**Injunctive and Declaratory Relief**
6
## (Against Defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S
7 OFFICE, AHERN, CASTRO VALLEY UNIFIED SCHOOL DISTRICT, LOSS,
OKUI, BARBIERI, FRIESEN, GRANGER, and FITZPATRICK)
8

9    113.   Plaintiffs incorporate by reference the allegations set forth above and below.

10    114.   An actual and substantial controversy now exists between Plaintiffs and

11  Defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, and

12  CASTRO VALLEY UNIFIED SCHOOL DISTRICT as to whether the sidewalk on the corner

13  of Redwood Road and Mabel Avenue in Castro Valley, California, is a public forum, and

14  whether Plaintiffs have a legal right to conduct lawful pickets and lawful union activity at or

15  near Castro Valley High School and other schools in the Castro Valley Unified School District.

16    115.   An actual and substantial controversy exists between Plaintiff and Defendants

17  whether Defendants' policies and practices, which deter, inhibit and chill free speech,

18  association and assembly, and suppress, disrupt and disband lawful union-related activity by

19  detention, arrest, incarceration, and prosecution of persons engaged in lawful union pickets and

20  union-related activity violate the First, Fourth and Fourteenth Amendments to the United States

21  Constitution, and Article I, section 2 of the California Constitution.

22    116.   Further, unless the Court issues an appropriate declaration of rights, the parties

23  will not know whether Defendants' policies and practices comply with the law, and Plaintiffs

24  will likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

25    117.   Defendants' conduct violates 42. U.S.C. section 1983 and the First, Fourth and

26  Fourteenth Amendments to the United States Constitution. Defendants' conduct violates

27  Article I, sections 2, 7, and 13 of the California Constitution.

28

**Complaint for Damages and Injunctive**    *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1     118.    Unless the Court grants injunctive relief to Plaintiffs prohibiting Defendants

2   from engaging in the foregoing unlawful conduct there will continue to be disputes and

3   controversies surrounding the conduct of lawful union-related activity on property on or near

4   Defendants' places of business or in areas under Defendants' jurisdiction, and Plaintiffs will

5   likely be subject to adverse action on the basis of Defendants' conduct as set forth above.

6     119.    As a result of Defendants' unlawful conduct as alleged herein, Plaintiffs have

7   suffered, and will continue to suffer, the above stated damages in an amount according to proof,

8   including attorney fees and costs, to remedy the unlawful conduct.

9     WHEREFORE, Plaintiffs pray for relief as set forth herein.

10                              **JURY TRIAL DEMAND**

11    120.    Plaintiffs hereby request a jury trial in this action.

12                              **RELIEF REQUESTED**

13    Wherefore, Plaintiffs respectfully requests that this Court grant the following relief:

14    1.    Compensatory damages according to proof against all defendants;

15    2.    Special damages according to proof against all defendants;

16    3.    Statutory damages and penalties pursuant to California Civil Code sections 52(b)

17   and 52.1(b);

18    4.    Punitive damages in an amount according to proof against all defendants;

19    5.    Declaratory judgment that Defendants' policies and practices violate Plaintiffs'

20   rights as guaranteed under 42 U.S.C. section 1983, the First, Fourth and Fourteenth

21   Amendments to the United States Constitution, and Article I, sections 2, 7, and 13 of the

22   California Constitution;

23    6.    Declaratory judgment that the sidewalk on the corner of Redwood Road and

24   Mabel Avenue adjoining Castro Valley High School in Castro Valley, California, is a public

25   forum;

26    7.    Permanent injunction enjoining Defendants from suppressing, disrupting and

27   disbanding lawful union pickets and lawful union-related activity on public or private

28   property, including such activity that is conducted on or near school grounds;

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**

1    8.    Order compelling Defendants County of Alameda and Alameda County

2  Sheriff's Office to expunge Plaintiffs' arrests from their records and to take all necessary steps

3  to ensure that Plaintiffs' arrests are expunged from all state and federal law enforcement

4  information systems;

5    9.    Attorney fees and costs pursuant to 42 U.S.C. section 1988;

6    10.    Attorney fees and costs pursuant to California Civil Code sections 52(b) and

7  52.1(h); and

8    11.    Such other relief as the Court finds just and proper.

9

10  DATED: April 30, 2008                    LAW OFFICES OF ELLYN MOSCOWITZ

11

12

13                                      By:_____

                                          ELLYN MOSCOWITZ
14                                   .      SHARON SEIDENSTEIN
                                          for Plaintiffs
15                                          LOCAL 81, LEROY CISNEROS and
                                          FRANCISCO GARCIA
16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Damages and Injunctive**          *Local 81 AFL-CIO vs. County of Alameda et al.*
**and Declaratory Relief**
                                  -27-