GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, SHERIFF GREGORY J. AHERN, TIMOTHY VALES, DAVID DRISCOLL, ROBERT LAPOINT, and DAVID MCKAIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS – LOCAL 81 AFL-CIO, LEORY CISNEROS, AND FRANCISCO GARCIA<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, SHERIFF GREGORY J. AHERN, in his official capacity; TIMOTHY J. VALES (#104529), DAVID A. DRISCOLL (#108967), ROBERT LAPOINT (#843), and DAVID MCKAIG (#364), individually and in their official capacities; CASTRO VALLEY UNIFIED SCHOOL DISTRICT; JO A. LOSS, KUNIO OKUI, JOHN BARBIERI, JANICE FRIESEN, and GEORGE GRANGER, in their official capacities as members of the Castro Valley Unified School District Board of Education, SUPERINTENDENT JAMES FITZPATRICK, in his official capacity; SUSAN GOLDMAN, MICHAEL MILLER and JERRY MACY, individually,<br><br>Defendants. | Case No.: 08-2281 BZ<br><br>**ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: May 1, 2008 |

Come now defendants COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S

-1-

OFFICE, SHERIFF GREGORY J. AHERN, TIMOTHY VALES, DAVID DRISCOLL, ROBERT LAPOINT, and DAVID MCKAIG, and for their answer to the plaintiff's complaint for damages and injunctive and declaratory relief on file herein, admit, deny and allege as follows:

1. Answering the allegations of numbered paragraphs 1, 3, 5, 6, 7, 8, 9, 14, 15, 16, 17, 18 through 28, 35, 36, 37, 38, 39, 43, 50, 51, 55, 56, 120 of said complaint, defendants lack information and belief sufficient to admit or deny the allegations contained in said paragraphs, and, based upon such lack of information and belief, defendants deny said allegations.

2. Answering the allegations of numbered paragraphs 10, 11, 12, 13, 31, 32, 33, 34, 52, and 53 of said complaint, defendants admit the allegations of said paragraphs.

3. Answering the allegations of numbered paragraphs 2, 4, 29, 30, 40, 41, 42, 44, 45, 46, 47, 48, 49, 54, 57, 58, 59, 60, 51, 62, 64, 65, 66, 68, 70, 71, 72, 74, 75, 76, 78, 79, 81, 82, 84, 85, 86, 88, 89, 90, 92, 93, 95, 96, 98, 99, 100, 102, 103, 105, 106, 107, 108, 110, 111, 112, 114, 115, 116, 117, 118, and 119 of said complaint, defendants deny each and every and all of the allegations of said paragraphs and further deny that plaintiff has sustained any injuries, losses or damages of any kind or character as a result of any conduct on the part of these answering defendants.

4. Answering the allegations of paragraphs 63, 67, 73, 77, 80, 83, 87, 91, 94, 97, 101, 104, 109, and 113 of said complaint, defendants incorporate their responses to the allegations of the paragraphs incorporated therein.

## SEPARATE AFFIRMATIVE DEFENSES

**AS A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that plaintiffs and each of them were themselves careless and negligent in and about the matters alleged in the complaint, and that said carelessness and negligence on plaintiffs' own part proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence shall diminish plaintiffs' recovery herein in direct proportion to the extent of such

negligence under the doctrine of comparative negligence.

**AS A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that, prior to and at the time of the occurrence of the alleged incident which is the subject of plaintiffs' complaint, plaintiffs had knowledge, express or implied, of those matters alleged in the complaint; that plaintiffs and each of them did with the above-mentioned knowledge voluntarily and of his own free will place himself in an unsafe and dangerous position, and by reason thereof said plaintiff assumed the risk and all risks ordinarily incident thereto; and said assumption of risk bars recovery herein.

**AS A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that one or more plaintiffs failed to timely comply with the claim presentation requirements of the California Government Code and/or failed to file said complaint within the time delineated by all applicable statutes of limitations, including, but not limited to Code of Civil Procedure § 340.5 and Government Code § 945.6.

**AS A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that the claims in plaintiffs' complaint are barred by all governmental immunities, including, but not limited to, California Government Code §§ 815, 815.2, 815.6, 818, 818.8, 820.2, 820.4, and 822.2.

**AS A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that neither the complaint nor any of its alleged causes of action state facts sufficient to constitute a cause of action against these answering defendants.

**AS A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE**

1  **COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that, the injuries, losses and damages, if any there were, allegedly sustained by plaintiffs were proximately caused by the conduct of other persons or entities who are not the agents of these defendants or any of them, and by reason thereof, any liability of these defendants, or any of them, herein shall be diminished, offset or abated by reason of said conduct.

**AS A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT ON FILE HERE, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants are informed and believe and thereon allege that by reason of plaintiffs' own acts and omissions, plaintiffs are estopped from seeking any recovery from defendants, and/or their claims are barred by the doctrine of unclean hands.

**AS AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants allege that the complaint, and each cause of action therein, is barred because any detention and/or of plaintiff by defendants or their employees was lawful, constitutional privileged and justified.

**AS A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants allege that the complaint, and each cause of action therein, is barred because defendants were legally authorized to detain, search and incarcerate one or more plaintiffs.

**AS A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants allege that the defendants and their employees had legal justification for all of their actions and omissions and therefore the complaint and each and every cause of action therein is barred.

**AS AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO**

-4-

THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants are informed and believe and thereon allege that the complaint and each and every cause of action therein is barred because plaintiffs failed to mitigate their damages, if any there were.

AS A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that the complaint fails to state a Federal civil rights claim against the defendants under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

AS A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that the plaintiffs, and each of them, have not been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission by defendants.

AS A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that the defendants and their employees are immune from any liability and protected against the burden of litigation under the doctrine of qualified immunity and the common law immunities protecting peace officers, correctional officers, prosecutors and public officials.

AS A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that they are immune from liability for exemplary damages pursuant to provisions of section 818 of the California Government Code and by the U. S. Supreme Court's decision in *Newport v. Fact Concert, Inc.*, 453 U.S. 247.

AS A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF

ACTION THEREOF, these answering defendants allege that they are not liable for any acts or omissions of their employees which occurred outside of those employees' scope of employment.

AS A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants are informed and believe and thereon allege that by conduct, representations and omissions, plaintiffs have waived, relinquished and/or abandoned any claim for relief against these defendants respecting the matters which are the subject of the complaint.

AS AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants are informed and believe and thereon allege that plaintiffs unnecessarily delayed in protecting the right or rights asserted and has unreasonably delayed in bringing this action, and are therefore guilty of laches and consequently are not entitled to the relief sought.

AS A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that at all times mentioned in the Complaint, defendants performed and discharged in good faith each and every obligation, if any, owed to plaintiffs.

AS A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that at all times material to this action, defendants and their employees had reasonable cause to act and acted properly in valid law enforcement activities.

AS A TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF, these answering defendants allege that at all times relevant to plaintiffs'

Complaint herein, plaintiffs knowingly, voluntarily and willingly consented to any search, if, in fact, any search was performed.

**AS A TWENTY-SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE UNVERIFIED COMPLAINT ON FILE HEREIN, AND TO EACH CAUSE OF ACTION THEREOF**, these answering defendants allege that plaintiffs' claim is barred under the doctrine set forth in the U.S. Supreme Court's decision in *McMillian v. Monroe County* (1997) 117 S. Ct. 1734 and the Eleventh Amendment to the U.S. Constitution in that in engaging in the conduct complained of, if it occurred at all, defendants were acting in the capacities as officers of the State of California and not the County of Alameda.

**WHEREFORE**, these answering defendants pray as follows:

1. That plaintiffs take nothing by way of their complaint and that these answering defendants be dismissed hence;
2. For reasonable attorneys' fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

DATED: June 4, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: /s/ Jill P. Sazama, Esq.
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
COUNTY OF ALAMEDA,
ALAMEDA COUNTY SHERIFF'S
OFFICE, GREGORY AHERN,
TIMOTHY VALES, DAVID
DRISCOLL, ROBERT LAPOINT,
and DAVID MCKAIG

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF
*United Union of Roofers, Waterproofers, and Allied Workers – Local 81 AFL-CIO, et al., v. County of Alameda, et al.*

## DEMAND FOR JURY TRIAL

These answering defendants hereby demand a jury trial for any and all causes of action that may be so tried.

DATED: June 4, 2008

                          BOORNAZIAN, JENSEN & GARTHE
                          A Professional Corporation

                  By:     /s/ Jill P. Sazama, Esq.
                        JILL P. SAZAMA, ESQ.
                        Attorneys for Defendants
                        COUNTY OF ALAMEDA,
                        ALAMEDA COUNTY SHERIFF'S
                        OFFICE, GREGORY AHERN,
                        TIMOTHY VALES, DAVID
                        DRISCOLL, ROBERT LAPOINT,
                        and DAVID MCKAIG

25177\434260

-8-

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF
United Union of Roofers, Waterproofers, and Allied Workers – Local 81 AFL-CIO, et al., v. County of Alameda, et al.

**PROOF OF SERVICE BY ELECTRONIC SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **ANSWER TO COMPLAINT, DEMAND FOR JURY TRIAL** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

| | |
|---|---|
| Ellyn Moscowitz, Esq.<br>Sharon Seidenstein, Esq.<br>Law Offices of Ellyn Moscowitz<br>1629 Telegraph Avenue, 4th Floor<br>Oakland, CA 94621<br>Telephone: 510-899-6240<br>Fax: 510-899-6245<br>E-mail: roofergal2@aol.com | **Attorney for Plaintiffs** |
| Jivaka Candappa<br>Law Office of Jivaka Candappa<br>46 Shattuck Square, Suite 15<br>Berkeley, CA 94704<br>Telephone: 510-981-1808<br>Fax: 510-981-1817<br>E-mail: jcandappa@sbcglobal.net | **Attorneys for Plaintiffs** |
| Jacqueline Sue McHaney, Esq.<br>Lindsay K. Anderson, Esq.<br>Thurbon & McHaney, LP<br>2339 Gold Meadow Way, Suite 210<br>Gold River, CA 95670<br>Telephone: 916-636-1840<br>Fax: 916-638-7530<br>jmchaney@thurbonandmchaney.com | **Defendants Castro Valley Unified School District** |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

///

///

-9-

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF
*United Union of Roofers, Waterproofers, and Allied Workers – Local 81 AFL-CIO, et al., v. County of Alameda, et al.*

Executed at Oakland, California, on June 04, 2008.

/s/ Carmen Kalt

25177\434260

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE AND DECLARATORY RELIEF
*United Union of Roofers, Waterproofers, and Allied Workers – Local 81 AFL-CIO, et al., v. County of Alameda, et al.*