GREGORY J. ROCKWELL, ESQ. (SBN 67305)
grockwell@bjg.com
JILL P. SAZAMA, ESQ. (SBN 214215)
jsazama@bjg.com
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897

Attorneys for Defendants
COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, SHERIFF GREGORY J. AHERN, TIMOTHY VALES, DAVID DRISCOLL, ROBERT LAPOINT, and DAVID MCKAIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS – LOCAL 81 AFL-CIO, LEROY CISNEROS, AND FRANCISCO GARCIA,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, SHERIFF GREGORY J. AHERN, in his official capacity; TIMOTHY J. VALES (#104529), DAVID A. DRISCOLL (#108967), ROBERT LAPOINT (#843), and DAVID MCKAIG (#364), individually and in their official capacities; CASTRO VALLEY UNIFIED SCHOOL DISTRICT; JO A. LOSS, KUNIO OKUI, JOHN BARBIERI, JANICE FRIESEN, and GEORGE GRANGER, in their official capacities as members of the Castro Valley Unified School District Board of Education, SUPERINTENDENT JAMES FITZPATRICK, in his official capacity; SUSAN GOLDMAN, MICHAEL MILLER and JERRY MACY, individually,<br><br>Defendants. | Case No.: 08-02281 TEH<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: August 11, 2008<br>Time: 1:30 p.m.<br>Courtroom 12, 19th Floor<br>San Francisco<br>Judge Henderson<br><br>Complaint Filed: May 1, 2008 |

-1-

JOINT CASE MANAGEMENT STATEMENT
*United Union of Roofers, Waterproofers, and Allied Workers, et al., v. County of Alameda, et al.;* U. S. Dist. Ct., Nor. Dist of CA Case No. 08-02281 TEH

1. <u>Jurisdiction and Service</u>

This is primarily a civil rights case brought pursuant to 42 U.S.C. section 1983. Plaintiffs LEROY CISNEROS, AND FRANCISCO GARCIA ("Plaintiffs") claim that the County Defendants[1] and the District Defendants[2] violated Plaintiffs' federal and state civil rights, as well as committed various state law torts, when Plaintiffs were arrested while picketing adjacent to a construction site located on Castro Valley High School grounds. Plaintiff UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS – LOCAL 81 AFL-CIO (the "Union") is Plaintiffs' employer. Federal question jurisdiction is asserted. All defendants have answered the complaint. The District Defendants intend to file and serve a cross-complaint for contractual indemnity against Robert A. Bothman, Inc. the general contractor.

2. <u>Facts</u>

On the morning of May 15, 2007, Plaintiffs, employees of the Union picketed adjacent to a construction site located on the grounds of Castro Valley High School (hereafter the "School"). The School was having a new sports complex constructed (the "Project"). Plaintiffs assert that were conducting lawful informational picketing of a roofing subcontractor, Legacy Roofing, a non-unionized business, which had been hired to do roofing work for the Project. Plaintiffs arrived in the morning, before school began, and as part of their picketing, erected a 10-12 foot tall inflatable rat. Defendants assert that the inflatable rat straddled the sidewalk and was partially on school grounds. The picketing took place in a busy intersection on a sidewalk adjacent to school grounds nearest the entrance to the Project. Plaintiffs assert that the picketing took place on a public sidewalk whereas defendants claim that Plaintiffs were picketing on and immediately adjacent to school grounds. Plaintiffs assert that the picketing was peaceful, and protected under the First Amendment to the United States Constitution and the National Labor Relations Act.

---

[1] COUNTY OF ALAMEDA, ALAMEDA COUNTY SHERIFF'S OFFICE, SHERIFF GREGORY J. AHERN, in his official capacity; TIMOTHY J. VALES, DAVID A. DRISCOLL, ROBERT LAPOINT, and DAVID MCKAIG, collectively hereafter the "County Defendants."
[2] CASTRO VALLEY UNIFIED SCHOOL DISTRICT; JO A. LOSS, KUNIO OKUI, JOHN BARBIERI, JANICE FRIESEN, and GEORGE GRANGER, SUPERINTENDENT JAMES FITZPATRICK, SUSAN GOLDMAN, MICHAEL MILLER and JERRY MACY, collectively hereafter the "District Defendants."

-2-

Defendants assert that the picketing was in violation of Penal Code Section 626.8 (disruption of peaceful school and student activities).

District Defendants allege that, while on her way to work, District defendant, Associate Principal Susan Goldman saw the picketers and the inflatable rat. District Defendants allege that Ms. Goldman observed that students were forced to step off the sidewalk into traffic in order to get around the picketers and the rat. District Defendants further allege that Ms. Goldman also saw that the picketers blocked the sidewalk and the rat distracted drivers, some of whom were dropping students off at the School. District Defendants allege that, due to the safety hazards, the District contacted the Alameda County Sheriff's Department. Two Alameda County Sheriff's deputies (defendants herein) arrived and spoke with the Plaintiffs. Plaintiffs were asked to deflate the rat, which they did, and cross the street. Defendants assert that Plaintiffs were asked to leave school grounds. Mr. Garcia crossed the street, but Mr. Cisneros remained where he was. Both men were ultimately arrested, and their property, including a video camera, still cameras, picket signs and a letter from Union attorneys, were taken. Defendants allege that Plaintiffs' property was seized incident to their arrest. Mr. Garcia and Mr. Cisneros were both arrested for violating California Penal Code section 626.8, and Mr. Cisneros was also arrested for resisting arrest pursuant California Penal Code section 148(a)(1). Both men were released later that day (Plaintiffs allege it was almost 11 hours after their arrest), Mr. Garcia on his own recognizance, and Mr. Cisneros after posting bail. No further action was taken against them, although Plaintiffs believe that the County Defendants referred this matter to the Alameda County District Attorney's Office for criminal prosecution.

The principal factual issues in dispute are:

  a.  whether the plaintiffs' conduct posed a safety hazard to students and drivers and was otherwise disruptive to school activities;

  b.  whether the individual sheriff's deputies' conduct was appropriate;

  c.  whether the District defendants had any involvement at the scene of the arrest and/or directed the activities of the deputy sheriffs; and

-3-

JOINT CASE MANAGEMENT STATEMENT
*United Union of Roofers, Waterproofers, and Allied Workers, et al., v. County of Alameda, et al.;* U. S. Dist. Ct., Nor. Dist of CA Case No. 08-02281 TEH

        d.      whether Plaintiffs were picketing on or adjacent to school grounds and whether the picketing took place on a public sidewalk.

3. <u>Legal Issues</u>

The principal legal issues in dispute are:

    a.      whether there was probable cause for the arrests;

    b.      whether the picketing activity was lawful;

    c.      whether any state or federal constitutional rights were violated here;

    d.      whether there is any policy, pattern or practice on the part of any entity defendants to violate civil rights, i.e. *Monell* liability;

    e.      whether any individual defendants are entitled to qualified immunity;

    f.      whether there was any conspiracy to violate civil rights;

    g.      whether any state civil rights laws were violated;

    h.      whether any state torts were committed; and

    i.      whether Plaintiffs were held in custody for an unduly prolonged period of time.

4. <u>Motions</u>

No motions have been filed. The District Defendants intend to file and serve a cross-complaint for contractual indemnity against Robert A. Bothman, Inc. the general contractor. The District Defendants intend to file a motion for summary judgment.

5. <u>Amendment of Pleadings</u>

Plaintiffs have not currently stated any intent to amend the pleadings further.

6. <u>Evidence Preservation</u>

The parties are not aware of any evidence preservation problems regarding evidence in their possession. The parties have agreed to and have taken measures to preserve any electronically stored evidence that they currently have.

-4-

7. <u>Disclosures</u>

The parties have not yet made their Fed. R. Civ. P. 26(a) disclosures to each other. They will do so by the date set forth in Rule 26(a).

8. <u>Discovery</u>

None of the parties have conducted any discovery. The parties initially intend to conduct the discovery necessary to adequately prepare for the mediation of this case, scheduled to take within 90 days of July 11, 2008. The County Defendants anticipate that this discovery may include taking the depositions of the two individual plaintiffs and propounding written discovery seeking information regarding this incident and regarding similar incidents alluded to by plaintiffs' counsel. Plaintiffs anticipate propounding written discovery and conducting depositions of individual defendants. The District Defendants will propound written discovery and take depositions as necessary to obtain information regarding the incident and to follow up on the allegations that the District has interfered with picketing on other occasions.

9. <u>Class Actions</u> – This is not a class action.

10. <u>Related Cases</u>

There are no related cases.

11. <u>Relief</u>

Plaintiffs seek to recover monetary damages, statutory penalties, injunctive relief, and attorneys' fees and costs. The Defendants request that Plaintiffs take nothing by their complaint, and Defendants seek recovery of their costs and such other amounts as the Court deems just.

12. <u>Settlement and ADR</u>

The parties have agreed to conduct a mediation of this case within 90 days after July 11, 2008, pursuant to the Court's order referring this matter to early mediation.

13. <u>Consent to Magistrate Judge for All Purposes</u>

Plaintiffs consented to proceeding before a Magistrate Judge. The County Defendants did not consent.

14. <u>Other References</u>

-5-

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Currently the parties are not aware of any issues that can be narrowed, however discovery has not commenced.

16. Expedited Schedule

The parties do not believe that an expedited schedule is appropriate.

17. Scheduling

The parties to this Joint Case Management Conference Statement request:

A trial date of **October 27, 2009**.

A pretrial conference on Monday **October 12, 2009**, 3:00 p.m.

An exchange of witness and exhibit lists by **September 25, 2009**

Initial expert disclosure by all parties by no later than **July 29, 2009**

Rebuttal expert witnesses disclosed by **August 28, 2009**

The parties disagree on a deadline for the non-expert discovery cut-off. Plaintiffs propose a non-expert discovery cut-off deadline of **July 31, 2009**. Defendants propose a non-expert discovery cut-off date of **May 1, 2009**. Plaintiffs believe that a discovery cut-off date of May 1, 2009 would not give them sufficient time to conduct discovery. Plaintiffs are prepared to agree to a later trial date and expert witness disclosure so as to accommodate Defendants' request that disclosure of experts occur after the close of non-expert discovery.

The parties disagree on the deadline to hear dispositive motions. Plaintiffs propose a deadline for hearing dispositive motions of Monday, **August 31, 2009**. Defendants propose a deadline for hearing dispositive motions of Monday, **June 29, 2009**.

18. Trial

Both parties request a trial by jury. The parties anticipate a 5-8 day trial.

19. Disclosure of Non-party Interested Entities or Persons

The County Defendants and District Defendants are public entities and so are not required

to disclose. Plaintiffs filed a Certification of Interested Entities or Persons in compliance with Civil Local Rule 3-16. Plaintiffs certify that as of this date, other than the named parties, there is no such interest to report.

DATED: August 4, 2008

                         LAW OFFICES OF ELLYN MOSCOWITZ

                         By: _____/s/ Sharon Seidenstein, Esq._____
                                ELLYN MOSCOWITZ, ESQ.
                                SHARON SEIDENSTEIN, ESQ.
                                Attorneys for Plaintiffs
                                LOCAL 81 UNITED UNION OF
                                ROOFERS WATERPROOFERS &
                                ALLIED WORKERS, LEROY
                                CISNEROS and FRANCISCO
                                GARCIA

DATED: August 4, 2008

                         LAW OFFICE OF JIVAKA CANDAPPA

                         By: _____/s/ Jivaka Candappa, Esq._____
                                JIVAKA CANDAPPA, ESQ.
                                Attorney for Plaintiffs
                                LOCAL 81 UNITED UNION OF
                                ROOFERS WATERPROOFERS &
                                ALLIED WORKERS, LEROY
                                CISNEROS and FRANCISCO
                                GARCIA

//
//
//
//
//

JOINT CASE MANAGEMENT STATEMENT
*United Union of Roofers, Waterproofers, and Allied Workers, et al., v. County of Alameda, et al.;* U. S. Dist. Ct., Nor. Dist of CA Case No. 08-02281 TEH

1 | DATED: August 4, 2008

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____/s/ Jill P. Sazama_____
GREGORY J. ROCKWELL, ESQ.
JILL P. SAZAMA, ESQ.
Attorneys for Defendants
COUNTY OF ALAMEDA,
ALAMEDA COUNTY SHERIFF'S
OFFICE, GREGORY AHERN,
TIMOTHY VALES, DAVID
DRISCOLL, ROBERT LAPOINT,
and DAVID MCKAIG

DATED: August 4, 2008

STUBBS & LEONE

By: _____/s/ Claudia Leed, Esq._____
LOUIS A. LEONE, ESQ.
CLAUDIA LEED, ESQ.
Attorneys for Defendants
CASTRO VALLEY UNIFIED
SCHOOL DISTRICT, JO A. LOSS,
KUNIO OKUI, JOHN BARBIERI,
JANICE FRIESEN, GEORGE
GRANGER, SUPERINTENDENT
JAMES FITZPATRICK, SUSAN
GOLDMAN, MICHAEL MILLER
and JERRY MACY

25177\436967

JOINT CASE MANAGEMENT STATEMENT
*United Union of Roofers, Waterproofers, and Allied Workers, et al., v. County of Alameda, et al.*; U. S. Dist. Ct., Nor. Dist of CA Case No. 08-02281 TEH

# PROOF OF SERVICE BY ELECTRONIC SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. My business address is 555 12th Street, Suite 1800, P. O. Box 12925, Oakland, California 94604-2925.

On the date indicated below, at the above-referenced business location, I served the **JOINT CASE MANAGEMENT STATEMENT** on the below-named party and caused said document to be transmitted using ECF as specified by General Order No. 45 to the following party:

**Attorney for Plaintiffs**
Ellyn Moscowitz, Esq.
Sharon Seidenstein, Esq.
Law Offices of Ellyn Moscowitz
1629 Telegraph Avenue, 4th Floor
Oakland, CA 94621
Telephone: (510) 899-6240
Fax: (510) 899-6245
E-mail:    roofergal2@aol.com

**Attorneys for Plaintiffs**
Jivaka Candappa
Law Office of Jivaka Candappa
46 Shattuck Square, Suite 15
Berkeley, CA 94704
Telephone: (510) 981-1808
Fax: (510) 981-1817
E-mail:    jcandappa@sbcglobal.net

**Defendants Castro Valley Unified School District**
Louis A. Leone, Esq.
Claudia Leed, Esq.
Stubbs & Leone
2175 N. California Blvd., Suite 900
Walnut Creek, CA 94596
Telephone: (925) 974-8600
Fax: (925) 974-8601
E-mail:    lleone@stubbsleone.com
           leedc@stubbsleone.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Oakland, California, on August 4, 2008.

By: _____/s/ Carmen Kalt_____

25177\436967

-9-

JOINT CASE MANAGEMENT STATEMENT
*United Union of Roofers, Waterproofers, and Allied Workers, et al., v. County of Alameda, et al.*; U. S. Dist. Ct., Nor. Dist of CA Case No. 08-02281 TEH